IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Jimmy Settle,

    Plaintiff,

    vs.                                    Case No. 13-2538-JTM

Executive Financial Consultants, Inc.
    *et al.*,

    Defendants.

MEMORANDUM AND ORDER

Plaintiff Jimmy Settle commenced this *pro se* action against the defendants in Wyandotte County, Kansas District Court, Case No. 13LM5565. The original state court petition appears to advance claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* The defendants, Executive Financial Consultants, Inc., Justine Doe, Jessica Doe, Tina Doe, Natalie Scott, and Rachael Doe, removed the action to this court pursuant to 28 U.S.C. §§ 1331 and 1446. Settle has moved to remand the case to state court. (Dkt. 6).

Settle argues that the defendants' removal is defective for four reasons. First, he contends the defendants failed to provide copies of the documents required under 28 U.S.C. § 1446(a), including all copies of the papers served on them. Second, he contends

that the removal is improper because not all defendants consented to the removal. (Dkt. 6, ¶ 2). In addition, the contends the removal is defective under the rules of this court, citing D.Kan.R. 81.1(c), requiring the filing of a certificate showing proof of service of all filings with the state court clerk and Rule 81.2, which provides for a filing of the state court record with the clerk of this court.

The defendants respond by noting that Settle's challenges to the removal are procedural in nature rather than substantive. Accordingly, these challenges were waived when Settle filed his motion to remand 34 days after the removal, rather than the 30-day period prescribed by 28 U.S.C. § 1447(c). Failing to file a timely motion to remand is a waiver of any challenge to procedural defects in removal. A lack of unanimity is such a procedural defect subject to waiver. *See Payne v. Brake*, 439 F.3d 198, 203 (4th Cir.2006) (lack of unanimous removal does not implicate the court's subject matter jurisdiction); *Underhill v. Bank of America*, No. 1:13-2614-TWT, 2014 WL 587868, *7 n. 2 (N.D. Ga. Feb. 14, 2014) (waiver applies to "a procedural defect such as untimeliness or lack of unanimity").

Settle's Reply to the defendants condemns their pleading as "almost all fluff and a very thought out smoke and mirror trick." (Dkt. 9, at 2). He makes no contention that his challenges were anything other than procedural, and advances no reason to conclude that the court would lack federal question jurisdiction over his FDCPA claim. Rather, Settle argues that his motion to remand was timely.

Ordinarily, pursuant to the 30-day time limit of § 1447 and Fed.R.Civ.Pr. 6, the last day for filing a motion to remand would have been Wednesday, November 20, 2014. Settle

2

filed his motion to remand on Monday, November 25, 2014, 34 days after the removal. He argues in his Reply that the motion was timely, in light of Rule 6(d), which authorizes an additional three days. Since this would extend the deadline to Saturday, Rule (6)(a)(1)(C) would operate to further extend the deadline to Monday the 25th.

However, Rule 6(d) has no application here. The rule provides an additional three days "[w]hen a party may or *must act within a specified time after service*" of a pleading, and the pleading was served by mail. (Emphasis added). But the 30-day deadline of § 1447(c) is not triggered by service of the Removal Notice, but by the fact of removal itself. Accordingly, the three-day extension is inapplicable. *See Pavone v. Mississippi Riverboat Amusement*, 52 F.3d 560, 566 (5th Cir. 1995) (three-day extension rule "applies only when a party is required to act within a prescribed period after *service*, not after *filing*" as with the remand statute) (emphasis in *Pavone*). *See also Ungureanu v. A. Teichert & Son*, No 2:12-3109-GEB, 2013 WL 1091279, *3 n. 2 (E.D.Cal. March 15, 2013) (Rule "6(d) does not extend the 30–day period of 28 U.S.C. § 1447(c)").[1]

---

[1] This assessment has become the clear weight of authority. *See Borges v. Bank of America*, No. 1:11-3363-JEC, 2012 WL 4328374, *8 n. 16 (N.D. Ga. May 1, 2012) (same); *Bell v. Arvin Meritor, Inc.*, 2012 WL 1110001, *1 (N.D. Cal. 2012) (recognizing "the weight of authority in this and other circuits"); *Gola v. City of Philadelphia*, No. 09-5037, 2011 WL 2313147, *2 n. 1 (E.D. Pa. June 13, 2011); *Borchers v. Standard Fire Ins.*, No C-10-1706-MMC, 2010 WL 2608291, *1 (N.D. Cal. June 25, 2010); *Ramos v. Quien*, 631 F.Supp.2d 601, 609 (E.D. Pa. 2008) (extension precluded by "[t]he plain language of § 1774(c)); *Rodriguez v. Hall Ambulance*, No. 1:06–CV–01580 OWW TAG, 32,2007 WL 470624 (E.D.Cal. Feb.9, 2007); *In re Edward Jones Holders Litig.*, 453 F.Supp.2d 1210, 1213 (C.D.Cal.2006); *Delew v. Las Vegas Metropolitan Police Dep't*, 108 F.Supp.2d 1146, 1148 (D. Nev. 2000).

As a result, the court finds that the plaintiff has waived any challenge to the cited procedural errors in removal, and the motion to remand (Dkt. 6) is accordingly denied.

IT IS SO ORDERED this 8th day of April, 2014.

                                                             s/ J. Thomas Marten
                                                    J. THOMAS MARTEN, JUDGE