FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

2014 APR 10 PM 4:17

TIMOTHY M. O'BRIEN
CLERK

BY_____DEPUTY
KANSAS CITY, KS

# UNITED STATES DISTRICT COURT, DISTRICT OF KANSAS

**JIMMY D. SETTLE bjs**

**Plaintiff**

**VS**                                             **CASE NO 2:13-CV-02538-JTM-TJJ**

**EXECUTIVE FINANCIAL CONSULTANTS INC;**

Et al:
**DEFENDANTS**

## PLAINTIFF, PURSUANT TO RULE 12C MOTION AND MEMORANDUM IN SUPPORT THEREOF TO STRIKE AND DISMISS DEFENDANTS UNDOCUMENTED FALSE STATEMENTS OF FACTS SET FORTH IN THEIR COUNTER CLAIM AS BEING AN ABUSE OF FEDERAL PROCESS THAT PUBLISHED FALSE, DECEPTIVE, MISLEADING, DEFAMATORY, LIABLE & SLANDEROUS STATEMENTS PLACING PLAINTIFF IN A FALSE LIGHT TO A BROAD AUDIENCE.

Comes now plaintiff and for his motion to strike and dismiss defendants counterclaim now states;

1. Defendants counterclaim (claim) sets forth at paragraphs # 38 & 41 that "plaintiff at all times has known that the underlying debts in this matter are both valid and past due"
2. An FDCPA claim "has nothing to do with whether the underlying debt is valid"
3. An FDCPA claim concerns the method of collecting the debt"
4. It does not arise out of the transaction creating the debt. Azar 874 Supp 1318.

1

5. The act makes debt collectors liable for various "abusive, deceptive, and unfair debt collection practices" regardless of whether the debt is valid. <u>Mc Cartney v First City Bank</u> 970 F 2d 45,47(5th Cir 1992)
6. Defendants set forth false and undocumented claims at paragraph # 39 "plaintiff has been involved in other lawsuits similar in nature for the sole purpose of harassing collection agencies who are legally attempting to collect valid debts.
7. Defendant's statement falsely identifies plaintiff as a vexatious litigator who abuses the legal process, this statement calls into question plaintiff's honesty and further implies that plaintiff has dishonest intentions to abuse the legal system, this false statement rises to the level of language that shamed, humiliated and caused emotional stress to plaintiff.
8. Defendants have failed to identify the parties and document the alleged false & unfounded claims they allege plaintiff lawsuits have caused to be harassed.
9. Plaintiff admits to being a legal & lawful litigant in other lawsuits that have been adjudicated in the United States District Court, District of Kansas.
10. Defendants come forth with false, fraudulent & blanket allegations, yet defendants have never provided the plaintiff or this honorable court with any names, court records, case numbers, disputation of the alleged harassment cases etc that the defendants have referred to as "honest debt collectors attempting to collect valid debts"
11. Plaintiff provides a short list of a few of the cases that plaintiff has legally & lawfully brought to the judicial system, therefore hopefully defendants can identify the honest debt collection companies that plaintiff has harassed and that defendants referred to in their claim (paragraph #39)
12. Midland Funding LLC,(Settle v Midland Funding LLC 2;13-cv-02308 JTM-GLR) Midland Credit Management Inc and Asset Acceptance LLC are subsidiaries' of Encore Capital Group Inc. Encore in 2011 boasts of having invested approximately $1.8 billion dollars to acquire 33 million consumer accounts with a face value of approximately $54.7 billion, (approximately .04¢ on the dollar) Encore like Midland Funding LLC is a Delaware licensed company that has been involved in numerous class action lawsuits across the United States including Texas, Minnesota, Maryland, Ohio, California and possibly other states

2

unknown to plaintiff at this time, these class action law suits alleged that Midland Funding has presented false, fraudulent, forged robo signed affidavits' to numerous courts across America and have violated the Fair Debt Collections Act (FDCPA) on numerous occasions.

13. A class action styled Vassalle et al, vs. Midland Funding LLC et al, naming Midland Funding LLC, Midland Credit Management and Encore Capital Group as defendants, with over one (1) million four hundred thousand class members won preliminary approval in the United States District Court for the Northern District of Ohio Western Division on March 11th 2011 an award was entered for the plaintiff in the amount of $5.2 Million Dollars.

14. The Federal Trade Commission, as noted in the amicus brief filed by the Attorney General of 33 states alleged that the amount was not a fair and just settlement and moved to set aside the judgment as being inadequate, the judgment was reversed by the appeals court for the 6th circuit on February 26th 2013.

15. Encore and its subsidiaries filed over 425,000 lawsuits in 2010 Encore and its subsidiaries have been identified not only as vexatious litigators, but also as violators of the ABA Rules of Professional conduct & the FDCPA & FCRA

16. Other honest debt collection companies that have been charged by the Federal Trade Commission with violations of the FDCPA

   (a) Bears Stearns & EMC Mortgage, fine $28 million dollars.
   (b) Nation Wide Credit, fine $1 million dollars
   (c) Expert Global Solutions, NCO & Accounts Receivable Management, fine $3.2 million dollars
   (d) Rincon Debt Management, fine $3.3 million dollars
   (e) Asset Acceptance LLC, fine $2.5 million dollars.
   (f) Allied Interstate Inc, fine $1.75 million dollars
   (g) Credit Bureau Collection Services, fine $1+ million dollars.
   (h) West Asset Management, fine $2.8 million dollars.
   (i) Forensic Case Management Service Inc, fine $ 33.8 million dollars.

    (j) There are so many more honest debt collectors listed on the FTC web site that I would run out of paper and ink if I tried to list each and every one that the FTC has alleged to have violated either the FDCPA and/or the FCRA

17  Defendants once again set forth false and fraudulent allegations in their claim at paragraph # 40 "Plaintiffs petition follows the exact same format and uses almost identical language as other petitions filed by plaintiff, <u>**NONE OF WHICH HAVE LEGAL MERIT**</u>" defendants have never alleged that the format followed in plaintiffs petitions violated any federal and/or state statues or have defendants shown that the petitions have no legal merit

18  Defendants again come before this court with unstantiated & undocumented allegations, defendants don't state or document any of their false and fraudulent allegations, yet their counterclaim requests this court award them attorney fees bases solely on undocumented allegations stating that the plaintiff has been involved in numerous law suits that involve honest debt collectors attempting to collect valid debts, plaintiff is unable to offer any type of defense to these outlandish allegations with out the defendants' identifying the petition(s) that they refer to.

19  Defendants are asking this court to punish the plaintiff because he has filed other petitions that defendants allege "none of which have legal merit" yet the law provides and entitles the plaintiff to use the judicial system legally and lawfully, which plaintiff has done, defendants as of now have failed to produce any evidence to show otherwise, it seems that defendants want this court to find that the plaintiff is a vexatious litigator believing that plaintiff has used the judicial system improperly and therefore award defendants damages, for the court to do so would chilling effect on the rights of all citizens to legal and lawful use the judicial system.

20  Defendants again set forth false and fraudulent allegations in their claim at paragraph # 41 "in this specific matter, plaintiff in fact owes the underlying debt and the claims herein are without legal merit" plaintiff addressed this allegation above at Paragraphs 1,2,3,4 & 5

4

21  Defendants counsel Elliott C Jaros and Scott F Walterbach acting as counsel (Exhibit # 1) on behalf Credit World Services Inc et al; (Exhibit # 1-a) made basically the same allegations in a counterclaim (claim) (Exhibit #1-b) against not only the plaintiff but also his father, Bob J Settle, Counsel made the same false and fraudulent allegations at Paragraph #34 " Plaintiff and his father (Bob Settle) have been involved in numerous other lawsuits similar in nature, "FOR THE SOLE PURPOSE OF HARASSING COLLECTION AGENCIES WHO ARE LEGALLY ATTEMPTING TO COLLECT VALID DEBTS" (Exhibit #1-a) Wherefore the reasons stated above, plaintiff prays that this court strike defendants Counterclaim for failure to state a claim upon which relief can be granted, dismiss the claim with prejudice pursuant to Rule 12 (b)(6) and further punish defendants and their counsel for having brought this frivolous counterclaim before the court, plaintiff respectfully prays that the court award plaintiff a reasonable, just and fair amount of compensation for having to reply to this frivolous counterclaim, its obvious that there was no prior research done in this matter by defendants or their counsel and therefore pursuant to the rules, this court can and should punish the defendants and their counsel for having brought this meritless counterclaim, plaintiff further prays for any other relief that this court deems just, fair and reasonable.

Certificate of service;  
A copy was faxed to  
Elliott C. Jaros Esq;  
At 816-436-2574  
On April 10, 2014  

Respectfully submitted;  
Jimmy D. Settle  
3125 West 44th Terr  
Kansas city Kansas 66103  
913-384-1266  
stiffer9999@hotmail.com

5

WHEREFORE Defendants respectfully request damages and attorneys' fees in an amount that is fair and reasonable as the Court may find, and for such other and further relief that is just in the premises.

### Count II – FDCPA Bad Faith

37. Defendants incorporate by reference the allegations in Count I above.

38. This action was brought under 15 U.S.C. § 1692 in bad faith and for the purpose of harassment, and Defendants are entitled to attorneys' fees reasonable in relation to the work expended, and its costs, all pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE having fully answered and responded, Defendants respectfully requests Plaintiff's Petition be dismissed. Defendants further request Judgment in favor of Defendants and against Plaintiff and seek recovery of reasonable attorney fees, as well as any such other and further relief the Court deems just.

Respectfully Submitted,
LARRY ENKELMANN, LLC

Scott F. Walterbach, KS #23505
Elliott C. Jaros, KS #25591
3000 NE Brooktree Lane, Suite 100
Kansas City, MO 64119
Phone (816) 436-7033, Fax (816) 436-2574
admin@lenklaw.com
ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE
The undersigned hereby certifies that this Notice was sent to the below by US Mail, postage prepaid, on this January 2, 2013:

Jimmy D. Settle
3125 West 44th Terr.
Kansas City, KS 66103
PLAINTIFF

Scott F. Walterbach/Elliott C. Jaros

PLAINTIFF'S EXHIBIT

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
LIMITED ACTIONS DIVISION

JIMMY D. SETTLE,

                Plaintiff,

v.

CREDIT WORLD SERVICES, INC., "KIM DOE", DAVID HAYES and "KELLY DOE",

                Defendants.

Case No. 12LM9482
Div. 12
Ch. 61

## SEPARATE DEFENDANTS CREDIT WORLD & DAVID HAYES' ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

### Answer to Allegations in the Complaint

COME NOW separate Defendants Credit World Services, Inc. ("CWS") and David Hayes (collectively "Defendants"), by undersigned counsel, and state the following in response to the allegations in Plaintiff's complaint contained in corresponding numbers:

1. Admit so far that Plaintiff has filed this action allegedly under the stated statutes; otherwise denied.

2. Deny. Plaintiff has indicated to Defendant(s) he lives in Florida.

3. Without sufficient information to admit or deny, and therefore deny the same.

4. Legal conclusion, no response is required. To the extent a response is required, Defendants are without sufficient information to admit or deny the compound allegations, and therefore deny.

5. Admit.

6. Because this action has been brought in State court, the Plaintiff's recitation of a Federal basis for jurisdiction is a legal conclusion which requires no response. To the extent a response is required, Defendants are without sufficient information to admit or deny, and therefore deny.

7. Because this action has been brought in State court, the Plaintiff's recitation of a Federal basis for venue is a legal conclusion which requires no response. To the extent a response is required, Defendants are without sufficient information to admit or deny, and therefore deny.


PLAINTIFF'S EXHIBIT #14

30.     Defendants reserve the right to assert such other affirmative defenses as may be discovered.

## COUNTERCLAIMS

### Count I – Malicious Prosecution

31.     Defendants, by undersigned counsel, allege that Plaintiff's complaint filed on December 7, 2012 was a knowingly illegal or improper use of legal process, done for the purpose of harassment or causing hardship, which resulted in damages to the Defendants.

32.     Plaintiff at all times has known that the underlying debt in this matter was both valid and past due.

33.     Plaintiff made false statements to Defendants about his residence, specifically claiming that he resides in Florida, in an attempt to deceive Defendants and avoid his obligation to pay his debts.

34.     Plaintiff and Plaintiff's father (Bob Settle) have been involved in numerous other lawsuits similar in nature, for the sole purpose of harassing collection agencies who are legally attempting to collect valid debts.

35.     Plaintiff's Petition follows the exact same format and uses almost identical language as the Petitions/Complaints in the suits referenced in paragraph thirty-four (34) above. It is clear that a scheme has been designed by Plaintiff and Plaintiff's father (both of whom reside at the same residence) to attempt to avoid payment of their debts by filing unsupported lawsuits against collection agencies or in the alternative by filing unsupported lawsuits against collection agencies even after paying the underlying debt which can only be seen as a retaliatory response by Plaintiff.

36.     In this specific matter, Plaintiff in fact paid the underlying debt in full to the original creditor approximately seven (7) months before the filing of this lawsuit and placed a telephone call to Defendants to confirm that the payment was received.

