# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JIMMY D. SETTLE, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| | ) No. 13-2538-JTM-TJJ |
| EXECUTIVE FINANCIAL CONSULTANTS, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's "Motion and Memorandum in Support Thereof to Supplement Pleadings Pursuant to Rule 15(a)(2)(d), Counterclaim Pursuant to Rule 13(A)(1)(a) Motion for a More Definite Statement and to Strike Specific Allegations in Defendant's Counter-Claim."[1] The relief which Plaintiff seeks in his motion is an order (1) requiring Defendants to make a more definite statement; and (2) to strike certain portions of their counterclaim. Contrary to its title, the motion is governed by Fed. R. Civ. P. 12(e) and (f). For reasons stated below, the Court denies Plaintiff's motion.

Plaintiff's motion relates to paragraphs 37 through 41 of Defendants' counterclaims.[2] Those paragraphs set forth a claim for malicious prosecution. Plaintiff asks that Defendants be required to make more definite and certain their allegations against him, which is a motion properly brought under Fed. R. Civ. P. 12(e). Rule 12(e) states in relevant part as follows:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party

---

[1] ECF No. 21.

[2] *See* ECF No. 3.

cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.[3]

Plaintiff does not allege that the paragraphs in question are "so vague or ambiguous that [he] cannot reasonably prepare a response." Indeed, Plaintiff did respond by filing an answer to Defendants' counterclaims.[4] His motion is thus untimely, as the rule requires a party to file a motion for more definite statement before filing a responsive pleading. Plaintiff was able to frame an answer without further clarification from Defendants.[5]

Plaintiff also moves to strike paragraphs 37 through 41 of Defendants' counterclaim which he alleges are "confusing, immaterial, impertinent, scandalous, highly offensive, false, defamatory, humiliating, character assassination & libelous."[6] Plaintiff provides no explanation to support his conclusory allegations and the Court does not find that the paragraphs in question contain such material. Rule 12(f), which permits a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter," also requires that such a motion to strike must be filed before the moving party responds to the pleading.[7] Thus, Plaintiff's motion is untimely under Rule 12(f), as well.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion and Memorandum in Support Thereof to Supplement Pleadings Pursuant to Rule 15(a)(2)(d), Counterclaim Pursuant to Rule

---

[3] Fed. R. Civ. P. 12(e).

[4] *See* ECF No. 5.

[5] *See Clark v. Assocs. Commercial Corp.*, 149 F.R.D. 629, 633 (D. Kan. 1993) (denying as untimely Rule 12(e) motion filed after party filed its responsive pleading).

[6] ECF No. 21 at 1.

[7] *See* Fed. R. Civ. P. 12(f).

13(A)(1)(a) Motion for a More Definite Statement and to Strike Specific Allegations in Defendant's Counter-Claim" (ECF No. 21) is denied.

IT IS SO ORDERED.

Dated April 30, 2014.

s/ Teresa J. James  
Teresa J. James  
United States Magistrate Judge